[Civil No. 1578.   Filed April 18, 1918.]

[172 Pac. 285.]

**J. H. MAXEY, Appellant, v. BOARD OF SUPERVISORS OF YUMA COUNTY, and IKE PROEBSTEL, F. E. ELLIOTT and J. H. SHANSSEY, as Supervisors and Members of the Board of Supervisors of Yuma County, Appellees.**

1.  COUNTIES—BONDS—EXPENSES—STATUTE—"EXPENSES IN INCURRING BONDED INDEBTEDNESS."—Under Civil Code of 1913, paragraph 5284, providing that the expenses of all proceedings in incurring a bonded indebtedness shall be borne by the county, and that if the bonds are sold such expenses shall be deducted from the proceeds, an amount paid to a broker for selling the bonds was not an expense of the proceeding, and hence could not be deducted from the proceeds of such bonds; but the items for advertising the sale of the bonds were a proper charge against the proceeds.

    [As to *mandamus* to compel performance of a public duty at instance of a private person, see note in 7 Am. St. Rep. 484.]

2.  MANDAMUS — ACTION OF COUNTY SUPERVISORS — COUNTY FUNDS.—In the absence of any law requiring the board of supervisors of any county to transfer from the road fund to the general fund of the county the amount paid out for advertising the sale of the road bonds, the court would not, by *mandamus* or otherwise, control the fiscal orders of the board so as to keep the different funds of the county intact for the specific uses intended by law, in view of the board's legal authority to dispose of the money for the specific purposes for which they are raised.

APPEAL from a judgment of the Superior Court of the county of Yuma.   Frank Baxter, Judge.   Affirmed.

Mr. W. E. Ryan, for Appellant.

Mr. H. Wupperman, for Appellees.

ROSS, J.—This appeal is prosecuted from an order sustaining a general demurrer to the complaint and from a judgment of dismissal.

Briefly, the facts set out in the complaint are that the plaintiff-appellant is a resident taxpayer of Yuma county, Arizona, and that he brings the suit for himself and all others similarly situated; that in 1913 the taxpayers of Yuma county

voted an issue of $500,000 county road bonds; that thereafter said road bonds were sold for their face value and accrued interest; that the board of supervisors employed a broker to assist in making the sale, to whom it paid the sum of $28,500; that it paid said sum, together with expenses for advertising and publishing the notice for bids, by warrants drawn on the general fund of the county levied and collected to meet the general county expenses for the fiscal year 1914–15; that at the time there was no excess in the general fund of the county, but, on the contrary, there was then an existing floating indebtedness of over $50,000 due from the general fund of the county.

Appellant prays the mandate of the court directing the appellees to transfer from the fund realized upon the sale of said road bonds to the general fund the money so paid out for advertising and brokerage commissions. In addition to the general demurrer to the complaint, the appellees filed separate answers to the complaint and the alternative writ. The answers raise no issues of fact nor of law. The complaint sets forth, in addition to the facts we have stated, many propositions and conclusions of law as to the duties of the board of supervisors, and most of the answers are devoted to a denial thereof. The allegations in the answers to the effect that all of the $500,000 realized had been expended on roads in and about Yuma Valley, except about $45,000, proposed to be used in improving roads in the northern part of the county, suggests a problem that may be of local interest and concern, but it can have no weight or influence upon the questions of law we have to decide.

The general demurrer, however, challenges the sufficiency of the facts stated to constitute a cause of action. The theory upon which the action was brought, we gather, was that all of the items enumerated in the complaint as ''expenses'' were legal charges against the proceeds realized from the sale of said bonds. The basis or excuse for such a contention is found in paragraph 5284, title 52, of the Civil Code of 1913, under and by virtue of chapter 2 of which the county proceeded in incurring such bonded indebtedness. Paragraph 5284 reads as follows:

''The expenses of all proceedings . . . under this chapter shall be borne by the county . . . instituting the proceedings necessary and required hereunder; provided, however, that in the event the bonds or other evidences of indebtedness

herein authorized shall be sold, such expenses shall be deducted from the proceeds of the sale of such bonds or other evidences of indebtedness.''

The item of $28,500, brokerage fees, was not an expense of the proceedings under chapter 2, and could not lawfully be deducted from the proceeds of the sale of such bonds, and its repayment, whatever other fund it might have depleted, cannot be enforced against the road bond fund by this action or any other. Such an expense was not within the contemplation of chapter 2, and therefore could not be charged against the proceeds of the bonds issued thereunder. The authority for its payment must be found in other provisions of the law, and not here.

The items for advertising the sale of the road bonds were a proper charge against the proceeds of such bonds, but neither this court nor the trial court has been informed by the complaint or otherwise the amount of such items. It is alleged that money was paid out of the general fund on account of advertising, and that it should have been paid out of the road fund. How much we do not know.

Granting this to be true, we know of no law, nor has any been pointed out to us, that specifically enjoins upon the board of supervisors of Yuma county the duty of transferring from the road fund to the general fund of the county the sum so paid out for advertising. It might be expedient for them to do so in order to avoid personal liability under paragraph 2442 of the Civil Code, which permits suit against members of the board of supervisors who order county money to be paid out without authority of law. But we do not believe it to be a duty of the courts, by *mandamus* or otherwise, to supervise and control the fiscal orders of the board of supervisors so as to keep the different funds of the counties always intact for the specific uses intended by law. The law has confided in these officers the power and duty of disbursing the counties' moneys for the specific purposes for which they are raised, and, so long as they conform to the law, they will receive its protection. If, however, they misappropriate money or use it for purposes not intended, a remedy in the ordinary course of the common law, to both the county and taxpayer, is available.

The judgment is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.